UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Samantha Solly,

Plaintiff,

v.

FCA US LLC,

Defendant.

Case No. 3:26-cv-1698

ORDER

On July 21, 2026, Plaintiff invoked this Court's diversity jurisdiction when filing this action. (Doc. No. 1 at 4; Doc. No. 1-1).

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). That is, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). And "a limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.*

In the Complaint, Plaintiff alleges Defendant FCA US LLC's "sole member is a subsidiary of a company, Fiat Chrysler Automobiles N.V. ("FCA"), which has it headquarters in Amsterdam,

Netherlands and its principal place of business for FCA US LLC in Auburn Hills, MI." (Doc. No. 1 at 2). This allegation is insufficient for me to determine Defendant's citizenship. First, Plaintiff does not identify the subsidiary. Therefore, I cannot determine the subsidiary is a corporation such that its citizenship would be governed, in part, by its principal place of business. Second, even assuming the subsidiary is a corporation, Plaintiff's allegation falls short because she does not identify the subsidiary's place of incorporation.

To avoid dismissal of this action for lack of subject matter jurisdiction, Plaintiff shall supplement the Complaint by filing an affidavit of jurisdiction no later than October 30, 2026. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In this affidavit, Plaintiff must:

a. Identify each member and sub-members of the LLC Defendant, which "must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); and

b. State sufficient jurisdictional allegations for me to determine the citizenship of every member or sub-member (e.g., the domicile of individuals, the place of incorporation and principal place of business of corporations).

While I acknowledge that it remains Plaintiff's burden to establish this Court's diversity jurisdiction was properly invoked, I remind Defendant's counsel of this Court's expectation of collaboration and urge counsel to actively participate in acquiring the relevant facts required to determine its citizenship so jurisdiction can be verified as soon as possible.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge